UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>  vs.<br><br>ARTHUR HOLLIS,<br><br>    Defendant. | 3:04-cr-00140-HRH-JDR<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR DISCOVERY [173], MOTION TO UNSEAL [175] & NON-OPPOSED MOTION TO CONTINUE EVIDENTIARY HEARING [176] AND GRANTING DEFENDANT'S NON-OPPOSED MOTION FOR EXTENSION [177]** |

  Defendant Hollis, by and through counsel, filed a *Request for Discovery* at Docket 173 and a *Motion to Unseal* at Docket 175.

  The Court first considers Defendant's discovery requests. "Petitioners in habeas corpus proceedings, as the Congress and [the Supreme Court] have emphasized . . . are entitled to careful consideration and plenary processing of their

claims including full opportunity for presentation of relevant facts."[1]  It is in this framework that the Court must approach Defendant's discovery requests.  The court, however, must not allow the Defendant to simply engage in a fishing expedition for the sake of turning up new potential 2255 claims.

In his first motion, Defendant moves the court to grant him permission, under Rule 6 of the Rules Governing § 2255 Cases, to depose trial counsel Rex Butler and Lance Wells stating they have been uncooperative with defense counsel. While the court may "authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure,"[2] "discovery is available only in the discretion of the court and for good cause shown."[3]  "[T]here is no general right to discovery in habeas proceedings."[4]

Defendant desires to depose Mr. Butler and Mr. Wells in order to review case files and billing records prior to the scheduled evidentiary hearing on Defendant's § 2255 motion.  Depositions are not routinely granted in § 2255 matters.  The court may direct discovery as deemed necessary to properly

---

[1] *Harris v. Nelson*, 394 U.S. 286, 298 (1969).

[2] Rules Governing § 2255 Cases, 6(a).

[3] *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999).

[4] *Id.*

determine the facts of a case.[5] The Court determines here that the facts can properly be discovered in court during the scheduled evidentiary hearing. And, here, Defendant has failed to make a good cause showing why the witnesses cannot be questioned with their records at the evidentiary hearing.

Because Defendant has failed to show good cause why the Court should grant her leave to depose Mr. Wells and Mr. Butler, Defendant's *Request [173] for Discovery* is HEREBY DENIED.

Defendant further requests discovery in the form of unsealing documents. Counsel fails to give any direction to the Court on how the documents are relevant to Defendant's stated § 2255 claims. The Court will not permit the unsealing of documents without some showing of relevancy as "[a] habeas petitioner will not be granted leave to conduct discovery based on allegations that are purely speculative or without any basis in the record."[6] Similarly, requests for productions should be denied if a Defendant does not "state what he hope[s] to find in [the] records or how they [will] help him prosecute his section 2255 motion."[7] He may not

---

[5]*Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) ("Through the power granted by the All Writs Act, district courts may order such discovery, in this fashion, as they deem necessary to determine the facts adequately.").

[6]*Hernandez v. McDaniel*, No. 3:09-cv-00545-LRH-RAM, 2009 WL 4953384 (D.Nev. Dec. 14, 2009).

[7]*Smith v. United States*, 618 F.2d 507 (8th Cir. 1980).

use discovery as a means to sort through documents in the hopes of discovering something to add to his petition.[8]

Defendant has made no showing that any of the documents sought have any relevancy to any of his § 2255 claims. The *Motion [175] to Unseal* is HEREBY DENIED.

Defendant moves the Court to continue the Evidentiary Hearing currently scheduled for May 17, 2010. While the motion is unopposed, Counsel fails to give the court dates which will work for the proposed witnesses and the government. The motion [176] is HEREBY DENIED with leave to re-file once Counsel has conferred with defense witnesses, counsel for the Government and chambers, and is able to recommend a proposed date for the hearing. The hearing remains as set for May 17, 2010.

//
//
//
//

---

[8] *Weathers v. United States*, 322 F.Supp. 602, 603 (D.S.C. 1970) (Defendant was not entitled to discovery of "a full record that he may comb through at his leisure in the hope that he may discover some possible theory for a renewed 2255 petition.").

Defendant requests additional time [177] to complete the briefing due on March 2, 2010. The court HEREBY GRANTS the request. Defendant's supplemental briefing shall be due on or before April 16, 2010.

DATED this   5th   day of March, 2010, at Anchorage, Alaska.

  /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge