**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     Plaintiff,<br>  vs.<br><br>ARTHUR LEON HOLLIS,<br><br>     Defendant. | 3:04-cr-140-HRH-JDR<br><br>**ORDER<br>REGARDING<br>MOTION FOR ADDITIONAL<br>EVIDENTIARY HEARING**<br><br>(Docket No. 234) |

    In this habeas proceedings Hollis argues that his counsel was ineffective by not seeking exculpatory impeachment material in the form of prior illegal conduct by the informant and by not requesting a <u>Franks</u> hearing to challenge the veracity or representations by the affiant for the search warrant for the address on North Hoyt. These claims are fairly raised in the amended § 2255 motion, but Hollis now seeks discovery to learn whether such efforts by trial counsel might have been successful. The government opposes the defendant's request for a hearing as

outlined in its supplemental briefing at Docket 186, noting that the time for seeking a new trial based on newly discovered evidence pursuant to Federal Criminal Rule 33(a)(1) has expired.

Rule 6 of the Rules Governing Section 2254 Cases leaves discovery to the discretion of the court. Rule 6(a) provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a). <u>Pham v. Terhune</u>, 400 F.3d 740 (9th Cir. 2005). In this request Hollis is arguing that if counsel had had more information they could have asked additional impeachment questions of Ward or sought to impeach the search warrant affiant. The test for ineffective assistance of counsel at issue is not what trial counsel could do in a retrial or with additional information but rather whether what counsel did do or failed to do at the time constitutes ineffective assistance of counsel. Hollis is free to argue that his counsel should have done more by asking impeachment questions or filing a <u>Franks</u> motion but he cannot change the circumstances of what was known or reasonably known to trial counsel by requesting additional discovery from the government.

The defendant suggests the law officers might have created reports specifically addressing Ward's criminal activities while acting as an informant in this case. The defendant's argument is full of hypotheticals. For example, he argues,

"if" Jencks Act material had shown that Ward was a source of drugs for buys involving a different informant in April 2003, those events might be relevant in impeachment of Ward at trial. Hollis argues that "if" statements by testifying officers at trial indicated that surveillance of Hollis to the actual North Hoyt apartment was not done as stated in the affidavit in support of the search warrant, or "if" Officer Kennedy did not trust Mr. Ward contrary to his statement in his affidavit, or "if" Officer Kennedy knew that Ward did not provide accurate information about other prior investigations, then trial counsel should have raised a Franks v. Delaware issue. It is undisputed that Hollis's trial counsel did not receive written reports of such monitored buys nor did they file any motion to obtain such material. The record shows that Butler was on notice of Ward's extensive drug dealing activities and reports of said activities being in existence. Whether Butler rendered ineffective assistance of counsel by not filing a motion to suppress, moving to compel, or file a motion for mistrial remain issues in this § 2255 proceeding. However, the motion to vacate is not a springboard for counsel to extend pretrial discovery in the hope of discovering some new error to attack the constitutionality of his trial.

      Hollis has not made a specific factual showing for discovery about how Ward was debriefed after Hollis's arraignment. Such a probe is designed to learn whether or not undisclosed Brady material existed. A violation of the government's Brady obligations of course, would be a serious matter. But that issue is not before

04-cr-140-HRH-JDR HOLLIS ORDER re Request to present final argument on 2255 Motion to Vacate_mtd.wpd

3

Case 3:04-cr-00140-HRH   Document 240   Filed 04/19/11   Page 3 of 5

the court. Rather the issue presented is "couched . . . as failure to file motions to compel Brady material." Evidentiary Hearing, Tr. 227. Mr. Dewey recognized that a Brady violation by the government is a separate issue than what is presented in the petition. *Id.* Tr. pp. 226-227.

Hollis argues that in order to "successfully" claim that Butler was ineffective for not moving to compel Brady material, "he first needs to establish that such information exists." Docket 234, p.7. At the evidentiary hearing Hollis had an opportunity to examine under oath his trial counsel concerning what materials were or were not provided to them. Counsel for Hollis examined these attorneys as to what Jencks Act material was disclosed before or during trial concerning the reports of Ward's activities in drug dealing in 2003 and 2004. Mr. Butler had a copy of Officer Kennedy's search warrant affidavit at trial and could have filed a Franks motion to suppress during trial if he had wanted to do so. The assessment of whether it was constitutionally ineffective for him not to do so is not dependent upon what counsel can learn from additional investigation.

For the foregoing reasons the defendant's request for an additional evidentiary hearing to secure discovery or Brady material as set forth in his supplemental briefing at Docket 234 is hereby DENIED. The defendant's request for an opportunity to present a final argument on the motion to vacate (*See* Docket 234, p.2.) is GRANTED. The defendant may submit his summation in written form

no later than **May 23, 2010**. The government shall have until **June 23, 2010** to submit its written summation in response. The defendant's reply, if any, is due **July 9, 2010**

DATED this 19th day of April, 2011, at Anchorage, Alaska.

      /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge