**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>vs.<br><br>ARTHUR HOLLIS,<br><br>    Defendant. | 3:04-cr-140-HRH-JDR<br><br>**ORDER<br>REGARDING<br>DEFENDANT'S PRO SE<br>MOTIONS FILED AT DOCKETS<br>348, 349, 350, 351, 367, 376, 377,<br>378, 379, 380 & 381<br>AND<br>SETTING BRIEFING SCHEDULE** |

   Following an evidentiary hearing on defendant Hollis's Motion to Vacate under 28 U.S.C. § 2255, Hollis filed a series of motions which are now ripe for determination. These motions are addressed in turn below.

   **Docket 348,** Motion to Reconsider Court Order Denying Oral Motion for Recusal. Government's response at 371.

   In this motion Hollis alleges that the magistrate judge and the government attorneys intentionally misrepresented and withheld pages 1 through 6

and 13 of a 49-page packet submitted to the court for an in camera review at Docket 271.  Upon initial in camera review the seven pages were withheld as not constituting Brady or exculpatory material.  Upon a motion for reconsideration Fred Dewey, attorney for Hollis, explained his theory of why those pages might be considered Brady material.  The documents were disclosed to Hollis and he was given an opportunity to re-question witnesses at an evidentiary hearing based upon use of those documents.

In essence, Hollis complains about a judicial decision made by the magistrate judge.  Applying the objective test for disqualification under 28 U.S.C. § 455(a) there is no reason to conclude that a reasonable person with knowledge of the facts would conclude that the magistrate judge's impartiality might reasonably be questioned.  In the opinion of the magistrate judge the matter has proceeded on the basis of the merits.  *See* Clemens v. U.S. District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir. 2005).  Hollis has repeatedly requested that the magistrate judge be recused in this proceeding, he has shown no legal basis for that request.  Accordingly, the Motion to Reconsider the Order Denying Motion for Recusal is **DENIED**.

**Docket 349**, Motion for Discovery for [an additional] Evidentiary Hearing.  Government's Response at 372.

04-cr-140-HRH-JDR HOLLIS Multi Pro Se & Briefing Schedule 2013_mtd.wpd

2

Order re Multi Motions & Setting Briefing Schedule

Hollis seeks disclosure of certain impeaching material relevant to the informant Shelby Ward and an opportunity for a new evidentiary hearing to seek to impeach Ward as to his trial testimony. Hollis mis-perceives the purpose of the § 2255 proceedings. It is not a retrial of the prosecution in which he was found guilty. *See* Holt v. United States, 303 F.2d 791 (3rd Cir. 1962).

This motion seeks discovery as to certain incidents of alleged bad conduct involving the informant Shelby Ward and an additional evidentiary hearing regarding the alleged Brady material never turned over to defense counsel. Hollis seeks Ward's complete probation file and Anchorage Police Department (APD) reports relating to the matter for which Ward was never charged. Hollis identifies a scale, white powder and a mirror in APD Case No. 03-12001. The discovery request must be considered in the context of what was disclosed by the government about Ward and Ward's cross-examination at trial by defense counsel. At trial the evidence indicated that Ward had been charged and convicted for possessing and distributing large quantities of cocaine; Ward admitted at trial that he had dealt in large quantities of cocaine and the fact that he was never charged with possessing a mirror and scale with white powder residue on January 23, 2003 is not significant in this § 2255 motion.

Hollis's own motion shows that he has sufficient information regarding the April 2003 incident to make his § 2255 argument. Hollis essentially seeks to

reargue the trial evidence arguing that the fact finder should have found that Ward's testimony was impeached and that his attorney was ineffective for not pursing investigative measures to obtain more information from the government regarding the May 15, 2003 Plea Agreement. The State charges of theft and assault against Ward were dismissed by the state. Ward could not have been impeached lawfully on those charges that did not result in a conviction. The argument that the state charges were dismissed in exchange for Ward's cooperation in the federal case is simply speculative and without supporting evidence. This motion to expand the record and allow an additional evidentiary hearing is **DENIED**.

**Docket 350**, Motion for Sentencing Addendum and Relevant Sentencing Documents. Government's response in opposition at Docket 373.

This motion seeks the following items: The sentencing addendum to both the government's and the informant's sentencing memorandum; an unredacted copy of Docket 22 (Informant's sentencing memorandum), Docket 24 (Government's sentencing memorandum), Docket 30 (Partial Transcript of Proceedings), Docket 32 (Presentence Investigation Report), and Docket 43 (Sealed Partial Transcript from Imposition of Sentence [of informant]), from Case No. 3:04-cr-116-HRH-JDR, styled United States v. Ward. In its response the government states it has no objection to an in camera review of those documents and release of any materials to the

defendant through his stand-by counsel if the materials are relevant to the Motion to Vacate.

The magistrate judge has conducted an in camera view of these documents and concludes that they contain no exculpatory or impeaching evidence beyond the information already disclosed to Mr. Hollis for purposes of his § 2255 Motion. Wherefore, the Motion for Additional Sentencing documents relating to the informant Shelby Ward is **DENIED**.

**Docket 351**, Motion to Expand the Record. Governments Response at Docket 374.

Hollis seeks to expand the record for a further evidentiary hearing by subpoenaing prosecutors and the informant based on "newly discovered evidence" or "prosecutorial misconduct at trial" and for reasons stated in the motion. The magistrate judge is satisfied that Hollis has had a fair opportunity to develop his case and for his attorney to effectively question the witnesses at the evidentiary hearing as well as to develop Hollis's claims in this habeas proceeding. The fact that the defendant is now proceeding pro se is not cause to allow him to expand the record and seek at this late date to further develop his § 2255 motion. The motion lacks a legal basis or good cause for additional evidentiary hearing and is **DENIED**.

**Docket 367,** Motion to Amend and Correct Motion for Discovery for Evidentiary Hearing in Informant's PSI and Document 349. The government filed no response.

This motion seeks to correct the content of quotations from the evidentiary hearing, Docket 158. The unopposed motion is **GRANTED**.

**Docket 376,** Motion for Detailed Description of Pages 30-32.

The government's response to the court's order concerning subpoena at Docket 266 referred to surveillance and evidence reports by Al Kennedy, from the August 23, 2004 incident between Hollis and the confidential source that resulted in the indictment and conviction in this case. *See* Docket 267, p.7. The government indicates that these reports would have been turned over to the defense at or before the trial proceedings.

Pages 30-32 were part of a 49-page set of papers provided to the court for an in camera inspection pursuant to court order. The order regarding in camera review of documents concerning subpoena at docket 266 filed March 15, 2012 at Docket 271 and accepted the government's statement that these reports would have been turned over to the defense previously. The time for objection for this finding by the court is long past. Therefore, the motion for a detailed description of those pages is **DENIED**.

**Docket 377**, Motion for Certified Copy of Nine Pages of Discovery. No response filed.

This motion seeks certified copies of nine pages of discovery produced by the government to Mr. Dewey on or about November 4, 2011. *See* Exhibit 1 to Docket 377. The motion acknowledges that Hollis has obtained copies of these nine pages of discovery through Mr. Dewey. The motion indicates that Hollis has observed the original Bate Stamp numbered documents 000001-9 and the nine pages of discovery do not match those Bate numbered documents.

Based on the history of this case including the destruction of the government's file after the direct proceedings had been concluded there is no need for production of a certified signed copy with Bate numbers in order for the defendant to rely upon the nine pages of discovery in his § 2255 arguments. Because the defendant has the documents it is not necessary that the record track by a signed acknowledgment the receipt of the documents by Mr. Dewey. The motion for certified copies is **DENIED**.

**Docket 378**, Motion for Pages 12, 14-20, 21-29 Be Produced as Brady Material in Document 267. No response filed.

This motion seeks production as discovery material various numerated pages of the 49-page discovery package reviewed by the court in camera.

Page 12 addressed an attempted purchase of cocaine by Ward on July 30, 2004 from an individual other than Hollis. No purchase was made. Similarly, pages 14-20 address an unsuccessful attempt to buy drugs by Ward. These documents have been reviewed in camera. There is no indication in the reports of any wrong doing by Ward in these attempted control buys. Pages 21-29 relate to surveillance, interview and evidence reports of a successful three-ounce crack cocaine purchase from the same individual referenced in pages 12 and 14-20. The reports show that a sale occurred on September 14, 2004 and that Ward had other sources of crack during August and September 2004. The fact of Ward's other sources of crack has previously been disclosed and were subject of Ward's cross-examination at trial. The jury was made aware that Ward had a history of deceit and double dealing with the government and there is nothing newly exculpatory about the additional documents sought other than redundancy. The motion for further production from the 49-page packet of discovery referenced in Document 267 is **DENIED**.

**Docket 379**, Motion for September 23, 2004 Pages 33-43 and Evidence Reports as Brady Material. No response filed.

This motion seeks pages 33-43 of the 49-pages of materials reviewed by the court in camera, some of which were disclosed to Hollis. The motion has

04-cr-140-HRH-JDR HOLLIS Multi Pro Se & Briefing Schedule 2013_mtd.wpd                    8

Order re Multi Motions & Setting Briefing Schedule

attached to it pages 36 and 37 of those materials. Thus, Hollis already has two of the pages that he seeks in this motion.

The premise of the motion is that there was more than one purchase or possession of crack cocaine by Ward on September 23, 2004. The review of pages 33-35, and 38-43 refer to a single transaction of crack cocaine which another government informant purchased from Ward for $1,100 of monies provided by Detective Alvin Kennedy. Whether the quantity of crack is referred to as one and one-half ounces of crack in Ward's presentence report or 53.2 grams gross weight including the weight of the packaging material, or the crack cocaine as testified by Defective Kennedy at the November 15, 2012 evidentiary hearing, or "a control buy of approximately 2 ounces of crack cocaine" as referenced in the government's response to defendant's subpoena at Docket 263, p.5, the references all relate to a single incident where crack-cocaine was purchased by an informant from Ward on September 23, 2004. The report of investigation at pages 33-35 describe the same incident as that in the report of investigation at pages 36-37. The former report is made as a debriefing of the informant whereas the latter two pages address the same incident from the point of view of acquisition of the crack-cocaine itself (referred to Exhibit 12) and the arrest of Shelby Ward on that date. Pages 38-40 address the same drug transaction as a surveillance log for Exhibit 12. Page 41 is the report of the drug property for Exhibit 12 which refers to the crack-cocaine

submitted as 53.2 gross grams purchased with the price of $1,100.  Page 41 refers to the purchase by the other informant from Shelby Ward at the Taco Bell restaurant on 5th Avenue and Reeve Street, the seizure of the drugs and chain of custody and presenting them to the laboratory for analysis.  There is no additional Brady material contained in the documents not released to Hollis and Hollis's speculation that there was more than one purchase lacks a factual basis.  Wherefore, the motion for additional pages as Brady material is **DENIED**.

**Docket 380**, Motion to Produce Discovery of Brady Material in September 1, 2004 Memo.  No response filed.

This motion seeks discovery of DEA reports relating to 22 grams of crack-cocaine that was sold by Ward prior to September 1, 2004.  Attached to this motion is a copy of a memorandum from a meeting at the U.S. Attorney's office held August 30, 2004 with Detectives Alvin Kennedy and Special Agent Rebecca Bobich.  The memo addresses allegations made that Ward had been selling cocaine on the side while working with DEA.  It states that Ward was confronted by Kennedy and turned over about 22 grams of crack-cocaine.  Officer Kennedy inquired where the informant had purchased the cocaine and Ward related from whom he had purchased the drugs.  The memo states that the attorneys advised the officers that because Ward had been selling cocaine on the side while working for DEA he could not be deemed a reliable source.  The attorneys indicated that they needed

04-cr-140-HRH-JDR HOLLIS Multi Pro Se & Briefing Schedule 2013_mtd.wpd                    10

Order re Multi Motions & Setting Briefing Schedule

corroboration as to the source of drugs turned over by Ward. Kennedy advised that Ward was told that if he had been selling cocaine while working with DEA he would be charged. AUSA Stephen Collins, with the concurrence of his counterparts, advised Detective Kennedy to continue working with Ward, that all future cases be monitored and videoed.

The memo in possession of Hollis provides sufficient information to him to argue that Ward was not credible. Ward's lack of credibility was a matter brought out at trial by defense attorney Rex Butler through cross-examination of Detective Kennedy and Shelby Ward. The government's memo was produced in November 2011. The 22 grams was subject of cross-examination of Officer Felicano on January 9, 2012. The request for investigative and lab reports for this incident with respect to the motion to vacate has long past. Hollis and his counsel had sufficient information to probe this matter at prior evidentiary hearings. The court declines to order additional discovery as requested in the motion. Motion **DENIED**.

**Docket 381**, Motion to Unredact Names from September 1, 2004 Memo. No response filed.

This motion requests that the names of informant in Exhibit E from the November 15, 2012 evidentiary hearing be unredacted. Exhibit E is a Memorandum of a meeting at the U.S. Attorney's office on September 1, 2004 regarding the 22 grams of crack-cocaine turned over to Detective Kennedy. The identity of the

informants referenced in that memorandum was disclosed in the testimony indirectly if not directly through the testimony of Detective Kennedy. Exhibit E was admitted at the evidentiary hearing.

In order to assist Hollis in preparing his summation on his § 2255 motion the magistrate judge will **grant** this request and the government shall provide Mr. Hollis, within five days of the date of this order, their response identifying by name Harry Woods and Shelby Ward wherever their names were redacted in said memorandum.

### Summary

Wherefore, Hollis's motions are granted in part and denied in part as stated above. The evidentiary hearings are closed in this matter and the case is ripe for the parties' summation briefs. Hollis shall file his summation no later than **March 25, 2013**. The government may respond with its summation no later than **April 22, 2013**. No Reply unless ordered by the Court. After these briefs have been submitted, the motion to vacate shall be deemed under advisement before the magistrate judge.

DATED this 12th day of February, 2013, at Anchorage, Alaska.

/s/ *John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge